**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

David Shapnick,                         )
                                        )
                    Plaintiff,          ) Case No. 1:03-CV-71
                                        )
          vs.                           )
                                        )
LCA-Vision, Inc.,                       )
                                        )
                                        )
                    Defendant.          )

O R D E R

        This matter is before the Court on Defendant LCA-Vision, Inc.'s Request for Partial Reconsideration Based on New Authority (Doc. No. 24).  For the reasons set forth below, Defendant's motion is not well-taken and is **DENIED.**

        Plaintiff David Shapnick filed state law claims for breach of contract, promissory estoppel, fraud, and negligent representation against Defendant LCA-Vision, Inc. ("LCA").  These claims arose out of a prospective employment relationship between the parties.  As the Court recounted in its order addressing LCA's motion for summary judgment, LCA recruited Plaintiff and offered him a position to operate a LASIK surgery center in Woodbury, Minnesota, but then withdrew its offer when LCA decided against opening a new center in Woodbury and after the parties could not come to terms on a written employment contract.  See generally Doc. No. 22.  The Court granted LCA's motion for summary judgment on Plaintiff's breach of contract, fraud and negligent misrepresentation claims.

The Court denied LCA's motion for summary judgment on Plaintiff's promissory estoppel claim.  LCA argued that summary judgment on this claim was appropriate on the grounds that Plaintiff's reliance on LCA's job offer was not reasonable in deciding to quit his current job because he did not know most of the terms of his prospective employment.  The Court noted that the issue of reasonable reliance was a close question and indicated that LCA would have a fairly strong position were this case merely about the parties' inability to come to agreement on contractual terms.  The Court noted, however, that LCA withdrew its employment offer to Plaintiff after it revised its business outlook and decided not to open a LASIK center in Woodbury.  In that regard, LCA had represented to Plaintiff that it was in a strong financial condition, that Minnesota was its best market, that LCA needed Plaintiff in Minnesota right away, and that he should resign his current job and move to Minnesota as soon as possible.  See id. at 15.  The Court found that because LCA withdrew its offer as a result of its changed financial outlook, a juror could find that Plaintiff reasonably relied on LCA's offer of employment where all of the indications were that LCA was financially strong.

LCA now moves the Court to reconsider its decision denying the motion for summary judgment on Plaintiff's promissory estoppel claim.  LCA argues that a recent decision from the Sixth Circuit Court of Appeals, Scotts Co. v. Central Garden & Pet Co., 403 F.3d 781 (6th Cir. 2005), supports its position that summary

judgment on Plaintiff's promissory estoppel claim is appropriate because it did not make a clear and unambiguous promise to Plaintiff regarding his employment.  The Court notes that LCA is not raising a new argument in the present motion as it argued briefly its motion for summary judgment that its email and letter of intent were insufficient to constitute a clear and unambiguous offer of employment to Plaintiff.  <u>See</u> Doc. No. 13, at 14.  To some degree, however, the concepts of a clear and ambiguous promise and reasonable reliance are intertwined.

Nevertheless, the Court finds that <u>Scotts Co.</u> does not change its analysis of Plaintiff's promissory estoppel claim. The Court in <u>Scotts Co.</u> stated in a very conclusory fashion that the provisions of an Acquisition Sharing Agreement between the parties in the case were too vague to be "clear and ambiguous" or to induce reasonable reliance.  <u>Scotts Co.</u>, 403 F.3d at 789.  The Court, however, did not explain how or why those terms were vague.  Despite that shortcoming in analysis, this case is still distinguishable from <u>Scotts Co.</u>  Although LCA's email and letter of intent may not be clear and unambiguous standing alone, those writings must be considered in the context of LCA's very specific representations regarding its financial condition and its need for Plaintiff to start work in Minnesota right away.  Considered together, a reasonable juror could find that these communications comprised a clear and unambiguous offer of employment to Plaintiff upon which he could reasonably rely.

Accordingly, Defendant's motion for partial

reconsideration is not well-taken and is **DENIED.**

        **IT IS SO ORDERED**

Date_July 21, 2005_          _s/Sandra S. Beckwith_
                                    Sandra S. Beckwith, Chief Judge
                                   United States District Court