```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

David Shapnick,                  )
                                 )
                  Plaintiff,     ) Case No. 1:03-CV-71
                                 )
     vs.                         )
                                 )
LCA-Vision, Inc.,                )
                                 )
                                 )
                  Defendant.     )

### O R D E R

This matter is before the Court on Defendant LCA-Vision, Inc.'s motion to strike jury demand (Doc. No. 25). For the reasons set forth below, Defendant's motion to strike jury demand is not well-taken and is **DENIED.**

Plaintiff David Shapnick sued Defendant LCA-Vision, Inc. ("LCA") under theories of fraud, negligent misrepresentation, equitable or promissory estoppel, and breach of contract. Each of Plaintiff's claims arose out of LCA's withdrawal of its offer of employment to Plaintiff after Plaintiff resigned his position with his employer. The complaint demands a jury trial on each of the claims. The Court granted LCA's motion for summary judgment on Plaintiff's fraud, negligent misrepresentation, and breach of contract claims, but found that there were material issues of fact to be resolved regarding Plaintiff's promissory estoppel claim. Consequently, the Court denied LCA's motion for summary judgment on that claim.

After the Court issued its decision on the motion for summary judgment, LCA filed a motion to strike Plaintiff's jury

demand on his promissory estoppel claim.  In its motion, LCA argues that Plaintiff is not entitled to a jury trial because promissory estoppel is a claim arising under equity and in the Sixth Circuit a plaintiff is not entitled to a jury trial on an equitable claim.

In a diversity case such as this one federal law determines whether a party is entitled to a jury trial.  <u>Simler v. Conner</u>, 372 U.S. 221, 222 (1963).  Under the Seventh Amendment to the U.S. Constitution, a party is entitled to a trial by jury in all suits at law where the value in controversy exceeds twenty dollars.  <u>Golden v. Kelsey-Hayes Co.</u>, 73 F.3d 648, 659 (6th Cir. 1996).  Contrary to the suggestion in LCA's brief, resolution of the question whether Plaintiff is entitled to a jury trial does not hinge on whether the claim may be broadly characterized as being either legal or equitable.  Rather, the trial court's task is to determine whether the case will resolve legal rights or equitable rights.  <u>Id.</u>  In turn, the court must compare the case at issue to 18th-century actions brought in the courts of England prior to the merger of law and equity, or the most analogous claim then in existence.  The court must then determine whether the remedy sought is legal or equitable in nature.  <u>Id.</u>  In deciding whether the claim is legal or equitable, the court should give more weight to the latter consideration.  <u>Id.</u>

As the Second Circuit noted, where the plaintiff sues for contract damages but uses detrimental reliance as a substitute for consideration, the estoppel claim is analogous to

2

an action in assumpsit, which was an action at law.  <u>Merex A.G. v. Fairchild Weston Sys., Inc.</u>, 29 F.3d 821, 825 (2nd Cir. 1994). Conversely, the <u>Merex</u> Court noted that a promissory estoppel claim would be equitable if the plaintiff were trying to avoid application of the Statute of Frauds to bar his claim.  <u>Id.</u> Here, although Plaintiff's breach of contract claim did not fail for lack of consideration, his promissory estoppel claim is of course that he detrimentally relied on LCA's offer of employment in resigning his position.  Therefore, his claim is analogous to the assumpsit example outlined in <u>Merex</u>.  Thus, under the first part of the analysis, Plaintiff's promissory estoppel claim appears to arise under law instead of equity.

   Even if Plaintiff's claim is not analogized perfectly as an assumpsit claim, the complaint makes clear that Plaintiff primarily seeks legal relief and not equitable relief.  The complaint prays for an award of back pay and benefits, damages for future lost pay, compensatory and punitive damages, attorney's fees and costs, and such other relief as the Court deems appropriate. Complaint ¶ 23.  Although front pay is considered to be an equitable remedy, the amount of front pay to be awarded to the plaintiff is reserved for the jury. <u>Roush v. KFC Nat'l Mgmt. Co.</u>, 10 F.3d 392, 398 (6th Cir. 1994).  Outside of the Title VII context, back pay is most likely a legal rather than equitable remedy.  See <u>Great West Life & Ann. Ins. Co. v. Knudson</u>, 534 U.S. 204, 218 n.4 (2002).  Compensatory and punitive damages are legal remedies.  <u>Moore v. Sun Oil Co. of Pa.</u>, 636

F.2d 154, 156 (6th Cir. 1980). The Court notes that the complaint does not include claims for some of the more obvious forms of equitable relief, such as reinstatement, restitution, specific performance, rescission, or reformation. At bottom, this is a lawsuit for money damages, a legal remedy. <u>Leary v. Daeschner</u>, 349 F.3d 888, 910 (6th Cir. 2003)("A key dividing line between law and equity has historically been that the former deals with money damages and the latter with injunctive relief.").

     The Court concludes that Plaintiff's promissory estoppel claim seeks legal, not equitable, relief. Therefore, Plaintiff is entitled to a jury trial on his claim. Accordingly, LCA's motion to strike jury demand is not well-taken and is **DENIED.**

     **IT IS SO ORDERED**

Date August 9, 2005           s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                     United States District Court